UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY E. GODWIN and
OAKYWOOD FARMS, LLC,
    Plaintiffs,

v.                                          Case No. 19-C-0766

CNH INDUSTRIAL AMERICA, LLC,
    Defendant.

## DECISION AND ORDER

Jeffrey Godwin and Oakywood Farms, LLC, operate a cotton farm in Georgia. They allege that they suffered economic losses after purchasing a defective Module Express cotton picker that was manufactured by defendant CNH Industrial America, LLC, in Wisconsin. The plaintiffs purchased the picker from one of CNH's dealers in Georgia. The plaintiffs contend that CNH made deceptive marketing statements about the Module Express and that the picker they purchased was not merchantable. The plaintiffs bring claims against CNH for violation of Wisconsin's Deceptive Trade Practices Act ("DTPA"), breach of the implied warranty of merchantability, and unjust enrichment.

In a prior order, I granted CNH's motion for a more definite statement under Federal Rule of Civil Procedure 12(e). In the order, I determined that the plaintiffs had failed to state claims upon which relief can be granted but granted them leave to amend if they thought they could correct the deficiencies in certain claims. (I dismissed other claims without leave to amend.) The plaintiffs have filed an amended complaint, which CNH now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Today, I issued an opinion in the related case of *T&M Farms, et al. v. CNH Industrial America, LLC*, Case 19-C-85, in which I granted CNH's motion to dismiss the amended complaint filed there. The reasoning of my decision in that case applies with equal force to the plaintiffs' claims here, which are based on materially indistinguishable facts and the same legal theories. Thus, in this opinion, I will only briefly identify the reasons for dismissing the amended complaint and will incorporate the full legal analysis set forth in Case 19-C-85.

First, the plaintiffs' claim under the Wisconsin DTPA must be dismissed because the DTPA does not apply to advertising statements disseminated outside of Wisconsin, even if the advertiser who disseminated the statements was physically located in Wisconsin at the time. Because there are no cotton farms in Wisconsin, CNH did not market Module Express pickers in Wisconsin. Moreover, the plaintiffs encountered and acted upon CNH's marketing statements in Georgia. Therefore, the plaintiffs' DTPA claim will be dismissed.

Second, the plaintiffs' claim for breach of the implied warranty of merchantability must be dismissed because the plaintiffs did not enter into a contract for the sale of goods with CNH. The facts alleged in the amended complaint show that the plaintiffs purchased their picker from an independent dealer rather than from CNH, and therefore the contract for sale and any implied warranty of merchantability arose between the plaintiffs and the dealer.

Third, the plaintiffs' claim for unjust enrichment must be dismissed because the plaintiffs have not alleged facts giving rise to a reasonable inference that they conferred a benefit on CNH or that CNH's retention of any benefit conferred would be unjust.

2

For these reasons, **IT IS ORDERED** that CNH's motion to dismiss the amended complaint (ECF No. 32) is **GRANTED**. The Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 21st day of September, 2020.

        s/Lynn Adelman_____
        LYNN ADELMAN
        United States District Judge